UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.     Case No. 6:17-cr-15-Orl-37KRS-1

JARVIS WAYNE MADISON.

**ORDER**

In the instant action, Defendant filed a Motion to Dismiss the Indictment (Doc. 24) and a Motion for a Bill of Particulars (Doc. 25). The United States filed an omnibus response on January 31, 2017. (Doc. 34.) Upon consideration of the parties' briefing and the arguments made in open court, the motions are due to be denied.

### I.   PROCEDURAL HISTORY

On January 12, 2017, the grand jury returned a one-count indictment charging Defendant Jarvis Wayne Madison ("**Madison**") with kidnapping in violation of 18 U.S.C. § 1201(a)(1). (Doc. 17 ("**Indictment**").) Specifically, the Indictment alleges that on or about November 15, 2016, and continuing through on or about December 2, 2016, Madison did:

> unlawfully, knowingly, and willfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away the victim, [R.M.], and did hold R.M. for some benefit, to wit: to attempt to continue his relationship with R.M., and to frighten, physically abuse, mistreat, assault, and murder R.M.; and, in committing and in furtherance of the commission of the offense, did willfully transport R.M. in interstate commerce, did travel himself in interstate commerce, and did use a means, facility, and

> instrumentality of interstate commerce, that is cellular telephones and smartphones, and the commission of the offense resulted in R.M.'s death.

(*Id.*)

Subsequently, Madison moved to dismiss the Indictment on the ground that it fails to make a plain and concise statement of the essential elements of the charge against him in violation of Federal Rules of Criminal Procedure 7(c)(1) and 12(b)(3)(B). (Doc. 24 ("**MTD**").) In addition, Madison moved the Court for an Order requiring the Government to provide a bill of particulars specifically describing each of the ways Madison allegedly violated § 1201(a)(1). (Doc. 25 ("**Motion for Particulars**").) The Government filed an omnibus response (Doc. 34) and, on February 15, 2017, the Court heard oral argument on the motions ("**February 15 Hearing**"). (*See* Doc. 38.) At the conclusion of the February 15 Hearing, the Undersigned took Madison's motions under advisement.

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss an Indictment

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." A count in an indictment may allege that a defendant committed the charged offense by one or more specified means. Fed. R. Crim. P. 7(c)(1). In addition, an indictment must "give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." *Id.* Any defects in the indictment, including lack of specificity and failure to state an offense, must be

asserted in a pretrial motion. Fed. R. Crim. P. 12(b)(3)(B). "Practical, rather than technical, considerations govern the validity of an indictment." *United States v. Pena*, 684 F.3d 1137, 1147–48 (11th Cir. 2012).

**B.     Motion for Bill of Particulars**

Under Federal Rule of Criminal Procedure 7(f) "a defendant may move for a bill of particulars before or within 14 days after arraignment." A bill of particulars is used to provide a defendant with sufficient details of the crime so as to: (1) allow for the preparation of an adequate defense; (2) minimize surprise at trial; and (3) enable him to plead double jeopardy in the event of a later prosecution for the same offense. *See United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). District courts are afforded broad discretion in ruling on a request for a bill of particulars. *Will v. United States*, 389 U.S. 90, 98–99 (1967). A defendant is not "entitled to a bill of particulars with respect to information which is already available through other sources . . . ." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986); *see also United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990).

### III.     ANALYSIS

**A.     Motion to Dismiss the Indictment**

Distilling his MTD arguments at the February 15 Hearing, Madison contends that the Indictment is duplicitous—that is, it contains two separate charges in a single count. This alleged infirmity stems from the broad time period covered by the Indictment. According to Madison, this time period includes two wholly separate confinements—

(1) first, the confinement of R.M. in Indiana on November 15, 2016, from which R.M. allegedly escaped ("**Indiana Confinement**"); and (2) the kidnapping of R.M. in Florida, inclusive of Madison's movements from Indiana to Florida to effectuate the kidnapping and his subsequent interstate travel with R.M. ("**Federal Kidnapping**"). Thus, Madison contends that, because the Indictment potentially includes both offenses, it: (1) fails to sufficiently put him on notice of the specific charge against him; and (2) puts him at risk of double jeopardy due to his pending state prosecution in Indiana and a contemplated charge in Florida state court ("**Double Jeopardy Argument**"). The Court disagrees.

It is well-settled that the sufficiency of a criminal indictment is determined from its face. *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006). Thus, an indictment is legally sufficient if it: "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Schmitz*, 634 F.3d 1247, 1259 (11th Cir. 2011). To that end, an indictment may be dismissed only "where there is an infirmity of law in the prosecution," not where there are disputed issues of fact better suited for development at trial. *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987).

Here, to ascertain whether the Indictment covers the Indiana Confinement necessarily requires examination beyond the face of the Indictment. Such a review is not permitted to determine whether the Indictment is subject to dismissal. *See Sharpe*,

438 F.3d at 1263. Rather, contrary to Madison's contention, the Indictment is legally sufficient, as it identifies and tracks the language of the kidnapping statute and, thus, adequately informs him of the Federal Kidnapping charge. *See United States v. Ndiaye*, 434 F.3d 1270, 1299 (11th Cir. 2006); *see also United States v. Breal*, 593 F. App'x 949, 952 (11th Cir. 2014).[1] In addition, the Indictment sets forth the alleged dates of the Federal Kidnapping charge. The use of "on or about" is not a ground for dismissal; rather, the Government may allege that an offense occurred "on or about," so long as the date proved at trial is reasonably near the date alleged in the Indictment. *See United States v. Reed*, 887 F.2d 1398, 1403 (11th Cir. 1989). More pointedly, the Government represented at the February 15 Hearing that its theory of the case is that the Federal Kidnapping began only *after* the Indiana Confinement, albeit on the same day—November 15, 2016.

As for Madison's Double Jeopardy Argument, the Court is unpersuaded that it warrants dismissal of the Indictment. Though state charges are pending against Madison in Indiana and are contemplated in Florida ("**State Court Proceedings**"), they do not implicate the Double Jeopardy Clause of the Fifth Amendment. Ordinarily, the Double Jeopardy Clause prohibits successive prosecutions for the same offense. *See Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863, 1867 (2016). The "same offense" analysis turns on whether each offense requires proof of an element that the other does not, if so the two offenses are not the same. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932). The Federal

---

[1] While unpublished opinions are not binding precedent, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

Kidnapping charge would likely meet the *Blockberger* test as to any state offense due to, *inter alia*, the interstate travel element. But even so, under the dual-sovereignty doctrine, a defendant may face successive prosecutions for the "same offense," if such offense violates the laws of separate sovereigns. *Sanchez Valle*, 136 S. Ct. at 1867. The States are separate sovereigns from the Federal Government and from one another. *See Heath v. Alabama*, 474 U.S. 82, 88 (1985); *see also Abbate v. United States*, 359 U.S. 187, 195 (1959). Here, it is not apparent that Madison faces successive prosecutions for the "same offense" in the State Court Proceedings as that alleged in the Indictment. Even if he did, the dual-sovereignty doctrine permits successive prosecutions for the same offense without implicating the Double Jeopardy Clause.[2] Hence the MTD is due to be denied.

**B.    Motion for Bill of Particulars**

Alternatively, Madison argued at the February 15 Hearing that the Court should grant his Motion for Particulars and require the Government to amend the time period of the alleged offense to exclude the Indiana Confinement. To this end, he again insists on his Double Jeopardy Argument—that is, the ambiguity in the Indictment does not permit him to rely on a judgment pertaining only to the Federal Kidnapping charge. Madison, thus, maintains that moving the start date in the Indictment to November 16, 2016, would cure any potential double jeopardy problem.

---

[2] While the Court acknowledges the appeal pending before the U.S. Supreme Court concerning whether the Double Jeopardy Clause bars a state prosecution when a defendant has previously been convicted of the same offense in federal court, *see Walker v. Texas*, No. 16-636, it need not address these implications, as the current state of the law presently forecloses Madison's Double Jeopardy Argument.

In determining whether to grant a bill of particulars, a court may consider all sources of information available to a defendant, including discovery. *See Rosenthal*, 793 F.2d at 1227. For instance, courts have denied motions for a bill of particulars where the defendant has received information through the discovery process, which remained open at the time the motion was filed. *See United States v. Jones*, No. CR213 033, 2013 WL 5651925, at *3 (S.D. Ga. Oct. 15, 2013). Madison has received voluminous discovery informing him of the predicate facts underlying the Federal Kidnapping charge. (*See* Doc. 34, p. 2.) Further, the Government has consistently represented in its briefing (*see id.* at 4) and at the February 15 Hearing that the Federal Kidnapping excludes the Indiana Confinement. Such representations warrant the denial of Madison's Motion for Particulars. Madison is sufficiently advised of the facts, both temporal and otherwise, that the Government intends to rely upon in connection with its prosecution of the Federal Kidnapping charge. And, as stated above, the Double Jeopardy Clause is not implicated and does not provide a basis for granting the Motion for Particulars.

## IV.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.   Defendant's Motion to Dismiss (Doc. 24) is **DENIED**.

2.   Defendant's Motion for Bill of Particulars (Doc. 25) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 1, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record