UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 6:17-cr-15-Orl-37KRS

JARVIS WAYNE MADISON.

_____

**ORDER**

In the instant motion, defense counsel requests that the Court commit Defendant Jarvis Wayne Madison ("**Madison**") to the custody of the U.S. Attorney General for hospitalization and treatment. (Doc. 68 ("**Motion**").) As grounds, defense counsel seeks to determine Madison's competency pursuant to 18 U.S.C. § 4241(b). (*Id.*) The Motion also requests that the Court suspend case all deadlines and proceedings until a determination Madison's competency has been made. (*Id.* at 9.)

"At any time after the commencement of a prosecution for an offense and prior to the sentencing . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant." 18 U.S.C. § 4241(a). A court must grant such motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* Additionally, a court may commit a defendant to the custody of the U.S. Attorney General for placement

-1-

in a suitable facility for a competency evaluation. 18 U.S.C. §§ 4241(b), 4247(b). Such commitment must be for a reasonable time, not to exceed thirty days. 18 U.S.C. § 4247(b).

In the Motion, defense counsel represents that interviews, psychological and neuropsychological testing, and Madison's existing medical records confirm that he suffers from several mental health disorders. (Doc. 68, ¶¶ 1–3.) According to defense counsel, these mental disorders prevent Madison from adequately communicating with defense counsel and comprehending the proceedings against him. (*Id.* ¶¶ 4–10.) Based on the foregoing, the Court concludes that there is reasonable cause to believe that Madison may be suffering from a mental disease or defect rendering him mentally incompetent. So the Court will commit him to the custody of the U.S. Attorney General for placement in a facility for evaluation.

As for Madison's request to suspend all case deadlines and proceedings, the Court notes that certain deadlines have already expired. (*See* Doc. 39.) Nevertheless, the Court will suspend any outstanding deadlines and proceedings pending a competency determination. *See Drope v. Missouri*, 420 U.S. 162, 181 (1975).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion Under 18 U.S.C. § 4241 for Order Committing the Defendant to the Custody of the Attorney General for Hospitalization and Treatment to Determine Competency (Doc. 68) is **GRANTED IN PART** to the extent identified in this Order.

2. Defendant Jarvis Wayne Madison is **COMMITTED** to the custody of the U.S. Attorney General for a period not to exceed thirty days for psychiatric

or psychological examination. The purpose of the examination will determine whether Madison is suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. §§ 4241(b), 4247(b). The examination shall be conducted in the closest suitable facility to the Court unless impracticable. 18 U.S.C. § 4247(b). The thirty-day examination period shall begin on the date Defendant arrives at the designated facility. On a showing of good cause, the director of the designated facility may request a reasonable extension not to exceed fifteen days. 18 U.S.C. § 4247(b).

3. The examiner's psychiatric or psychological report must be filed with the Court within fifteen days after the expiration of the thirty-day examination period. At this time, copies must be provided to the parties' counsel. The report must discuss each of the factors set forth in 18 U.S.C. § 4247(c)(1), (2), (3), and (4)(A).

4. After receipt of the examiner's report, U.S. Magistrate Judge Karla R. Spaulding will set a competency hearing by separate order, upon Defendant's motion.

5. All outstanding deadlines and proceedings set forth in the Court's previous orders (*see* Docs. 39, 65) are **SUSPENDED** pending the Court's determination of Madison's competency.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 15, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record
U.S. Attorney General
U.S. Marshal's Service