# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 6:17-cr-15-Orl-37KRS

JARVIS WAYNE MADISON

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S SECOND MOTION FOR DISCOVERY OF INFORMATION CONCERNING THE CONFECTION AND CREATION OF THE JURY VENIRE (Doc. No. 114)
>
> **FILED:** November 29, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

This motion seeks disclosure of information regarding the selection procedures and composition of the jury pursuant to 28 U.S.C. § 1867(f). The requests are modifications of requests that the Court previously denied. (Doc. No. 108).

In his first request, Defendant asks for completed juror qualification forms for all persons qualified for service with respect to the 2013 and 2015 Master and Qualified Wheels for the Orlando Jury Division.[1] His counsel proposes that the Clerk of Court should redact all personal identifying

---

[1] Because Defendants ask for information regarding only persons qualified for jury service, I read

information from these forms before disclosing them. I **RECOMMEND** that this request be **DENIED**. The Clerk of Court advises that it would be unduly burdensome for the Clerk's Office to redact personal identifying information from the jury questionnaires for qualified jurors in the 2013 and 2015 Qualified Wheels, because it would require manually redacting more than 18,000 jury questionnaires. Additionally, demographic data drawn from these questionnaires is contained in the Master Jury Wheel Status Reports previously disclosed.

In his second request, Defendant asks for all documents, materials and information concerning the delegation of excusal responsibilities, if any, to the Clerk for the 2013 and 2015 Master and Qualified Wheels for the Orlando Jury Division. I **RECOMMEND** that this request be **DENIED**. There are no responsive documents other than the information in Chapter Three of the Jury Plan, which Plan is available to Defendant's counsel.

In his third request, Defendant seeks a comprehensive list of all instances in which a person summoned for jury service failed to appear as directed, and what action, if any, was subsequently taken as to the 2013 and 2015 Master and Qualified Jury Wheels. I **RECOMMEND** that this request be **GRANTED in part**. The Court can authorize the Clerk of Court to disclose a list of individuals identified by juror participant number for the 2013 and 2015 Qualified Jury Wheels who failed to appear as directed and any action subsequently taken within 14 days after the Court issues its Order on this Report and Recommendation.

I **further RECOMMEND** that the Court order counsel, their experts and the parties to keep all information and materials they review, inspect, copy and/or otherwise receive from the Clerk in

---

his request as limited to persons in the 2013 and 2015 Qualified Jury Wheels, rather than everyone in the 2013 and 2015 Master Jury Wheels.

accordance with the orders of the Court in the utmost confidence and to not divulge any such information or materials to any other person without first receiving approval from the Court.

**Notice to the Parties**.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on December 18, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy