UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                      Case No. 6:17-cr-15-Orl-37KRS

JARVIS WAYNE MADISON

# ORDER

This criminal case is before the Court on U.S. Magistrate Judge Karla R. Spaulding's Report, recommending that the Court find Defendant competent to stand trial. (Doc. 189 ("**R&R**").) Defendant objected (Doc. 205), to which the Government responded (Doc. 218). For the following reasons, the Court adopts the R&R and finds that Defendant is competent to stand trial.

## I.  BACKGROUND

On March 8, 2017, the grand jury returned a three-count superseding indictment charging Defendant with: (1) kidnapping in violation of 18 U.S.C. § 1201(a)(1); (2) interstate domestic violence in violation of 18 U.S.C. §§ 2261(a)(1), (b)(1); and (3) interstate stalking in violation of 18 U.S.C. §§ 2261A(1), 2261(b).[1] Thereafter, defense counsel filed a Motion under 18 U.S.C. § 4241 for Order Committing the Defendant to the Custody of the Attorney General for Hospitalization and Treatment to Determine Competency. (Doc. 68 ("**Motion**").) The Court granted the Motion and committed

---

[1] On February 14, 2018, the grand jury returned a Second Superseding Indictment, charging Defendant with the same three counts. (*See* Doc. 211)

-1-

Defendant to the custody of the Attorney General for evaluation. (Doc. 76 ("**Commitment Order**").)

Following the Court's Commitment Order, Defendant arrived at the Federal Detention Center in Miami, Florida on October 10, 2017 where he was evaluated by forensic psychologist Dr. Rodolfo A. Buigas ("**Dr. Buigas**"). (*See* Doc. 189, p. 1.) Pursuant to 18 U.S.C. § 4247(c), Dr. Buigas filed his forensic report with the Court and concluded that Defendant was competent to stand trial. (*See id.* at 1–2.)

Magistrate Judge Spaulding then held an evidentiary hearing on the issue of Defendant's competency on January 10 and 12, 2018 ("**Hearing**"). (*See* Docs. 143, 171.) During the Hearing, Dr. Buigas testified along with three defense experts: neuropsychiatrist Dr. Joseph C. Wu; psychologist Dr. Robert Ouaou ("**Dr. Ouaou**"); and psychologist Dr. Valerie McClain ("**Dr. McClain**"). (*See* Docs. 187, 200.) In her R&R, Magistrate Judge Spaulding comprehensively summarizes the expert testimony and evidence presented during the Hearing. (Doc. 189, pp. 3–20.) Based on this testimony, the evidence, and legal argument, Magistrate Judge Spaulding recommends that the Court find Defendant competent to stand trial. (*Id.* at 24.) As the matter has been fully briefed (*see* Docs. 205, 218), it is now ripe.

## II. SUMMARY OF R&R FINDINGS

In her R&R, Magistrate Judge Spaulding concludes that Defendant is presently suffering from a mental disease or defect. (Doc. 189, p. 21.) Yet this defect or disease does not impact Defendant's ability to understand the proceedings against him. (*Id.*) Rather, with respect to Defendant's understanding of the charges, Magistrate Judge Spaulding

found that the record as a whole established that Defendant has a rational and factual understanding of the proceedings against him and the consequences he faces. (*Id.*) Magistrate Judge Spaulding also found that subjective observations and objective testing supported a finding that Defendant has a sufficient present ability to consult with counsel with a reasonable degree of rational understanding and, thus, to assist in his defense. (*Id.* at 21–24.) With this, Magistrate Judge Spaulding concluded that Defendant is competent to stand trial. (*Id.* at 24.)

### III.   LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

### IV.   ANALYSIS[2]

Defendant urges the Court to reject the R&R and find Defendant not competent to stand trial. (Doc. 205.) The standard for competency to stand trial is whether a defendant,

---

[2] In preparation of this Order, the Court reviewed the official transcripts of the Hearing (*see* Docs. 187, 200), viewed the video recordings of the December 2 and 4, 2016 interviews of Defendant's post-arrest interrogation in Clark County, Kentucky, and listened to portions of audio from Defendant's car travel provided by the Government. The Court notes that the December 2, 2016, Volume 2 recording loses audio after 1:40 p.m.

in light of a mental disease or defect, "has sufficient present ability to consult with his lawyers with a reasonable degree of rational understanding" and "has a rational as well as a factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 401, 402 (1960) (per curiam); *see also* 18 U.S.C. § 4241(a) (setting forth when a defendant is not fit to stand trial and essentially codifying the *Dusky* standard). Because Defendant has raised a substantive claim that he is not competent, he bears the burden of demonstrating his incompetency by a preponderance of the evidence. *See United States v. Bradley*, 644 F.3d 1213, 1268 (11th Cir. 2011) (citing *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995)).

Against this standard, Defendant objects to Magistrate Judge Spaulding's findings that he: (1) understands the nature and consequences of the proceedings against him; and (2) has a sufficient present ability to consult with counsel with a reasonable degree of rational understanding and, therefore, to assist properly in his defense. (*See* Doc. 205.) He posits several grounds for his Objection, finding fault with Magistrate Judge Spaulding's: (1) credibility determinations with respect to the expert testimony and opinions, namely assigning less weight to Dr. McClain's opinions; (2) reliance on recordings of Defendant's post-arrest interviews with law enforcement; (3) improperly discounting the Booklet Category Test ("**BCT**") administered by Dr. Buigas; (4) failure to address whether Defendant could testify truthfully; and (5) failure to address defense counsel's observations and assessments. (*See id*. at 1—23.) The Court addresses each in turn.

A.  **Credibility Determinations**

To begin, the Court accepts Magistrate Judge Spaulding's credibility

determinations as to all expert testimony. In reviewing a magistrate judge's credibility determinations, a district court may not reject her factual and credibility findings without holding a hearing itself on the disputed testimony or unless exceptional circumstances exist where the transcript reflects "an articulable basis for rejecting the magistrate's original resolution of credibility." *United States v. Cofield*, 272 F.3d 1303, 1306 (11th Cir. 2001) (quoting *United States v. Marshall*, 609 F.2d 152, 155 (5th Cir. 1980)).[3] This is not that exceptional case, and the Court finds no reason to hold another hearing.

Now, with respect to the weight Magistrate Judge Spaulding assigned to reach her determination, she discussed the expert reports, testimony, and opinions. (Doc. 189, pp. 3–21.) As to Defendant's ability to understand the proceeding against him, Magistrate Judge Spaulding found Dr. McClain's concerns that Defendant did not understand that he could be convicted at trial to be unsupported by the record. (*Id.*) As grounds, Magistrate Judge Spaulding pointed out the discussions between Defendant and Dr. Buigas, where Defendant was able to: (1) accurately articulate the charges against him; (2) identify the possible consequences he faces; and (3) describe the role of his attorneys, the judge, and the jury. (*Id.* at 6–7.) And Dr. Ouaou testified that Defendant understood the proceedings against him. (Doc. 187, p. 210.) Thus, Magistrate Judge Spaulding established clearly why she gave lesser weight to Dr. McClain's opinion with facts from the record concerning Defendant's ability to understand the proceedings.

---

[3] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit cases handed down before October 1, 1981. *Bonner v. Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

The same is true for Magistrate Judge Spaulding's finding that Defendant can properly assist in his defense. (*See* Doc. 189, pp. 22–23.) Defendant argues that Magistrate Judge Spaulding improperly assigned "little weight" to Dr. McClain's testimony and failed to consider the interlocking findings of defense experts, who all confirm that Defendant cannot assist meaningfully in his defense. (*Id.* at 23; Doc. 205, pp. 21–23.) The Court disagrees.

First, Dr. Buigas' objective testing undercuts Dr. McClain's opinion that Defendant's inability to set aside delusional beliefs and information processing impairment would undermine his ability to assist properly in his defense. That evidence demonstrated that Defendant had the present capacity to assist in his defense. For instance, Dr. Buigas administered the Evaluation of Competency to Stand Trial-Revised Test ("**ECST-R**"), which measures factual understanding of the legal proceedings, the ability to consult with counsel, and the ability to assist counsel with a defense. (Doc. 187, p. 49.) Defendant's score on the ECST-R indicated that he was in the normal to mild impairment, which Dr. Buigas testified was the highest, non-impaired, level. (*Id.* at 50.) Moreover, Dr. Ouaou and Dr. McClain did not dispute Dr. Buigas' methodology or interpretation of the ECST-R results. (*Id.* at 206–07; *see also* Doc. 200, p. 67.) Second, Dr. McClain's opinion regarding the degree of Defendant's impairment in processing newly learned information was not supported by Dr. Ouaou's testing either, which suggested that Defendant's ability to recall such information, while impaired, could be improved with cues. (*See* Doc. 187, pp. 170–172.)

Finally, recordings of Defendant's post-arrest interview also support the R&R's

conclusion as to Defendant's ability to assist in his defense. These recordings were not shown or entered into evidence at the Hearing. (*See* Doc. 189, p. 20 n.11). Nevertheless, Dr. McClain testified that she reviewed such recordings and admitted that they showed that Defendant could set aside previously held beliefs when presented with alternative facts. (*See* Doc. 200, p. 55.) Magistrate Judge Spaulding found Dr. McClain's testimony about the post-arrest interviews "compelling evidence," (Doc. 189, p. 22) that contradicted her opinion finding to the contrary (Doc. 205-1, p. 4). On its own review of the post-arrest interviews recordings, the Court agrees.

The post-arrest interviews establish that Defendant's interactions with law enforcement officers and responses to questioning are consistent with Dr. Buigas' opinion and support a determination that Defendant is quite capable of providing historical information and act appropriately in a judicial setting. *See United States v. Giraldo*, No. 2:09-cr-85-FtM-36SPC, 2011 WL 7946037, at *3 (M.D. Fla. Oct. 24, 2011) (listing factors a court may consider to determine whether a defendant has a sufficient present ability to consult with counsel, including providing pertinent facts, names, and events). Such evidence bolsters Magistrate Judge Spaulding's credibility determinations.

Based on the foregoing, the record provides no demonstrable basis to reject Magistrate Judge Spaulding's credibility determinations. *See Cofield*, 272 F.3d at 1306. The whole point of the Hearing, as with any "battle of the experts," is for the fact finder to choose the more credible witness. *See United States v. Powell*, 628 F.3d 1254, 1257 (11th Cir. 2010) (where witnesses provide conflicting accounts, resolution rests on the credibility of the witnesses). That is what Magistrate Judge Spaulding did (*see generally*

Doc. 189), and it was not error, *see Louis v. Blackburn*, 630 F.2d 1105, 1109 (5th Cir. 1980) ("[T]o adequately determine the credibility of a witness . . . the fact finder must observe the witness.").

**B.     The BCT**

In a similar vein, defense counsel claims that Magistrate Judge Spaulding improperly discounted the weight attributed to Defendant's score on the BCT, which tests executive functioning[4] impairment by asking an examinee to determine patterns from visual stimuli. (Doc. 187, p. 36.) The results of the BCT suggested that Defendant had moderate to severe impairment, but also revealed that Defendant did not put forth good effort. (*Id.* at 37.) At the Hearing, Dr. Buigas testified that the BCT has five independent indices, which determine whether an examinee is faking cognitive impairment from traumatic brain injury. (*Id.* at 37–38.) Scoring on at least two of the five indices suggests poor effort. (*Id.* at 38.) Dr. Buigas testified that Defendant scored on three of the five indices and, therefore, attributed less weight to the BCT. (*See id.*) Based on this testimony, Magistrate Judge Spaulding was entitled to rely on Dr. Buigas' interpretation of the BCT results, which was not error.

**C.     Defendant's Ability to Testify Truthfully**

Next, Defendant urges the Court to reject the R&R because Magistrate Judge Spaulding failed to consider whether Defendant could testify truthfully at trial. (Doc. 205,

---

[4] Executive functioning involves "the ability to plan, initiate, program, sequence, and maintain goal directed behavior, especially under novel circumstances." (Doc. 189, p. 4 n.2.)

pp. 1–7.) But whether he will testify *truthfully* is not relevant here—in a competency determination, nor is the credibility of such testimony, as that is left to the jury. *See Giraldo*, 2011 WL 7946037, at *3. At issue here, is Defendant's ability to testify in a way that is intelligent, coherent and relevant. *Id.* It is clear from the record that he can do so both by his interaction with Dr. Buigas and from viewing the post-arrest interviews. (*See, e.g.*, Doc. 187, p. 28.) So the Court rejects Defendant's argument.

**D.     Defense Counsel's Observations and Assessments**

Lastly, Defendant contends that Magistrate Judge Spaulding failed to consider the observations and assessments of defense counsel. (Doc. 205, pp. 12–15.) In so arguing, Defendant appears to conflate the considerations necessary to initiate a competency hearing and the test for legal competency. (*See id.* 12–13 (reciting representations made in the Motion).) Apart from defense counsel's representations in the Motion, their observations and assessments were not presented during the Hearing. (*See* Docs. 187, 200). So Magistrate Judge Spaulding did not fail to attribute the proper weight to such representations. Indeed, there was nothing of the sort in the record for her to weigh.

Accordingly, Defendant, despite the presence of a mental disease or defect, "has sufficient present ability to consult with his lawyers with a reasonable degree of rational understanding" and "has a rational as well as a factual understanding of the proceedings against him." *See Dusky*, 362 U.S. at 402. So he is competent to stand trial. *See id.* The Objection is due to be overruled, and the R&R is due to be adopted.

**V.     CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Objections to Magistrate Judge Spaulding' Report and Recommendation Regarding Competency (Doc. 205) are **OVERRULED**.

2. U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 189) is **ADOPTED, CONFIRMED** and made a part of this Order.

3. Defendant is **COMPETENT** to stand trial.

4. Counsel are reminded that guilt and penalty phase motions are due **thirty days** from the date of this Order. All responses are due **fourteen days** after the motion is filed.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 6, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record