# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                            **CASE NO: 6:17-cr-15-Orl-37KRS**

**JARVIS WAYNE MADISON**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR . . . RELATED DISCOVERY PROCEDURES (Doc. No. 295)
>
> **FILED:** June 4, 2018
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part.**

### I. INTRODUCTION.

Counsel for the United States requests, pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C)(ii), that the Court order Defendant to disclose his mental health experts' results and reports, including raw data, notes, and any documents and records relied upon by the experts, that will be offered during the penalty phase of this case. Doc. No. 295, at 7–8. Counsel proposes that these disclosures be made only to an expert designated by the United States, and not to the prosecution team, thirty days after the filing of Defendant's amended Rule 12.2(b)(2) notice. *Id.* at 3, 9–10.

Counsel for Defendant contend that the requested disclosures violate Federal Rule of Criminal Procedure 12.2(c)(2), which forbids disclosure of the results and reports of any mental condition examination to any attorney for the United States until after a defendant is found guilty of a capital crime and confirms his intent to offer expert testimony of his mental condition during sentencing. Doc. No. 319, at 5–6. They also argue that requiring disclosure of documents they provided to their experts violates the Sixth Amendment and infringes the work-product doctrine. *Id.* at 6–7.

## II.   ANALYSIS.

### A.  *Reciprocal Discovery*.

Federal Rule of Criminal Procedure 16(b)(1)(C)(ii) requires a defendant to provide, at the government's request, a written summary of any expert opinion the defendant intends to use at trial after the defendant serves a notice under Federal Rule of Criminal Procedure 12.2(b) of his intent to present expert testimony of his mental condition.[1] A Rule 12.2(b) notice may identify mental condition evidence that the defendant intends to introduce during the guilt phase, the sentencing phase of a capital proceeding, or both. Fed. R. Crim. P. 12.2(b).

In 2002, Rule 12.2 was amended to provide protections from pretrial disclosure to an attorney for the government of expert evidence of a defendant's mental condition to be used solely during the sentencing phase of a capital proceeding. The amendment was based, in part, on a concern that "if the government obtains early access to the accused's statements, it will be required

---

[1] While the United States relies on Rule 16(b)(1)(C)(ii) in its motion, it seeks more than the written summaries of expert testimony Defendant Madison intends to use at trial. It seeks production of "experts' results and reports, including raw data, notes, and any documents and records relied upon by [Defendant Madison's] experts." Doc. No. 295, at 3. The breadth of this request is better addressed in connection with the pending motion to permit the United States to examine Defendant Madison's mental condition for purposes of developing rebuttal evidence to be used in the penalty phase of the case (Doc. No. 296).

- 2 -

to show that it has not made any derivative use of that evidence." Fed. R. Crim. P. 12.2 advisory committee's note to 2002 amendment (citing *United States v. Hall*, 152 F.3d 381, 398 (5th Cir. 1998), *abrogated on other grounds*, *United States v. Martinez-Salazar*, 528 U.S. 304, 311 (2000)). The current version of Rule 12.2(c) precludes the government from receiving the results of examinations of a defendant's mental condition conducted solely for use in a capital sentencing proceeding until after the defendant is found guilty and affirms his intention to offer expert evidence of his mental condition during sentencing proceedings. Fed. R. Crim P. 12.2(c)(2).

Rule 12.2(c) does not address Rule 16(b)(1)(C)(ii)'s requirement of pretrial disclosure of written summaries of expert opinions about a defendant's mental condition intended to be used solely in the penalty phase of a capital proceeding. Some courts have concluded that pretrial disclosure of a defendant's mental condition to be used solely during the penalty phase of a capital proceeding is still required under Rule 16. *See, e.g.*, *United States v. Watts,* No. 14-cr-40063-JPG, 2016 WL 7337986, at * 3–5 (S.D. Ill. Dec. 19, 2016); *United States v. Wilson,* 493 F. Supp. 2d 348, 356 (E.D.N.Y. 2006); *cf. United States v. Catalan Roman,* 376 F. Supp. 2d 108, 113-14 (D.P.R. 2005) (finding it unclear if Rule 16 extended to the sentencing phase of a capital case and concluding that "a capital defendant who desires reciprocal Rule 16 disclosure ought not be deprived of it").

Nevertheless, the concern about derivative use of that information during the guilt phase arises if these summaries are disclosed to an attorney for the United States before trial begins. The United States recognizes the need for procedures to be implemented to protect these summaries from being provided to the prosecution trial team. Doc. No. 295, at 5. It proposes that the information be disclosed only to an unidentified government expert who agrees not to disclose the information to the trial team before the guilt phase of the case is concluded and Defendant Madison reaffirms his intent to offer evidence of his mental condition during the penalty phase of the case.

*Id.* at 7–8. Defense counsel objects to any pretrial disclosure, arguing, *inter alia*, that its experts' opinions on Defendant Madison's mental condition for purposes of the penalty phase of the case are "not anywhere near final." Doc. No. 319, at 7.

I recommend that the Court **grant** the motion in part and require the defense to disclose a written summary of any expert opinion that the defendant intends to use solely in the penalty phase of the case. If Defendant Madison is convicted and reaffirms his intent to rely on evidence of his mental condition during the penalty phase, disclosure of his intent to rely on mental condition evidence before the guilt phase of the case is completed is necessary "to facilitate the truth-seeking process in capital sentencing proceedings by eliminating unnecessary delay, avoiding surprise and ensuring an informed sentencing determination." *Watts,* 2016 WL 7337986, at * 4 (citing *Wilson*, 493 F. Supp. 2d at 354-57; *Catalan Roman*, 376 F. Supp. 2d at 114). However, as discussed below, I recommend that the Court **deny without prejudice** the motion in part with respect to the government's request regarding the timing and procedures for disclosure of this information.

### B. Timing and Procedures for Reciprocal Disclosure.

The United States requests that the written summaries of the opinions of Defendant Madison's experts regarding his mental condition solely for purpose of sentencing be disclosed within thirty days after he serves his amended Rule 12.2(b) notice, which is due on or before July 27, 2018. Doc. No. 331, at 3. Trial in this case is scheduled to begin on January 7, 2019. Doc. No. 237. The United States does not adequately explain why it needs disclosure of the written summaries four months before the guilt phase of the case begins, particularly when such early disclosure shortens the time available to the defense to prepare for the penalty phase of the case.

Courts have concluded that disclosure of opinions of defense penalty-phase experts regarding a defendant's mental condition should be made shortly before the beginning of a trial to

protect against derivative use of the information during the guilt phase of the case. *See Watts*, 2016 WL 7337986 at * 4 (21 days before trial); *Wilson*, 493 F. Supp. 2d at 357 (21 days before trial). In this case, counsel for the United States has already been provided extensive information about Defendant Madison's mental condition. Therefore, the argument that the United States cannot select appropriate rebuttal experts without full, expeditious pretrial disclosure of defense penalty-phase mental condition information is not supported by the record. Accordingly, I recommend that the Court require disclosure at a time closer to trial after it has resolved the question of the appropriate procedures for such disclosure.

There is also insufficient information in the record to conclude that disclosure to an unidentified expert of the United States would adequately protect against derivative use of the written summaries of defense penalty-phase expert opinions during the guilt phase of the case. Because Defendant Madison's mental condition will be at issue in the guilt phase of the case, at a minimum the proposed government expert must be someone who will not participate in or be consulted by the prosecution team during the guilt phase of the trial.[2]

Moreover, because counsel for the United States anticipates that litigation may be required regarding penalty-phase mental condition issues, Doc. No. 295, at 6, the better procedure would be to appoint attorneys who are not part of the prosecution team to receive the written summaries, direct the development of rebuttal evidence regarding Defendant Madison's mental condition for use in the penalty phase of the case, and litigate issues that may arise regarding the proposed examination

---

[2] I found two cases in which courts permitted a government expert to examine a defendant on his mental condition shortly before trial began for purposes of developing rebuttal evidence for the penalty phase of the case. In both cases, the expert was forbidden from discussing his examination and information obtained related to that examination with the prosecution team. *United States v. O'Reilly*, No. 05-80025, 2010 WL 653188, at * 4 (E.D. Mich. Feb. 19, 2010); *United States v. Minard*, 197 F. Supp. 2d 272, 277 (W.D. Pa. 2002). In *O'Reilly*, the court required the government expert to sign a written agreement not to discuss the examination, violation of which could be punishable by contempt of court. *O'Reilly*, 2010 WL 653188, at * 4.

of Defendant Madison.  *See* Doc. No. 296.[3]  Often, this "taint" or "firewall" team is composed of Assistant United States Attorneys from outside the district of prosecution.  *See, e.g.*, *Watts*, 2016 WL 7337986, at * 4-5; *United States v. Millner*, Crim. No. 13-15-ART-REW, Doc. No. 48 (E.D. Ky. May 19, 2014); *United States v. Williams*, 731 F. Supp. 2d 1012, 1026 (D. Haw. 2010); *United States v. Lujan*, 530 F. Supp. 2d 1224, 1241 (D.N.M. 2008); *Wilson*, 493 F. Supp. 2d at 356-57; *United States v. Johnson*, 362 F. Supp. 2d 1043, 1083-84 (N.D. Iowa 2005); *United States v. Sampson*, 335 F. Supp. 2d 166, 244 (E.D. Tenn. 2004).  Courts have crafted special procedures for communications between the taint team and the prosecution team.  *See, e.g.*, *Sampson*, 335 F. Supp. 2d at 244 n. 45; *Millner*, No. 7:13-cr-15-ART-REW, Doc. No. 55.

Accordingly, I recommend that counsel confer and propose to the Court a procedure for disclosure of summaries of defense expert opinions to be offered solely during the penalty phase of the case to an individual or team who will be ordered not to disclose the information to the prosecution team before the conclusion of the guilt phase of the case.  The United States should provide the names and background of the proposed individuals to be appointed to this team, which should include prosecutors from outside the Middle District of Florida and the Department of Justice.  It would be appropriate for counsel to submit this information to the Court during the period permitted for responding to this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an

---

[3] A Department of Justice Manual comment recommends use of a taint team, referred to as "firewall counsel," in the context of pretrial disclosure of expert reports pursuant to Rule 12.2.  Dep't of Just. Manual Comment. 3-7.000C, "A Uniform Approach to Mental Condition Evidence in Capital Trials:  The Interplay between Federal Rules of Criminal Procedure 12.2 and 16," https://heinonline.org/HOL/Page?handle=hein. journals/usab65&div=23&g_sent=1&casa_token=&collection=journals (last visited July 17, 2018).

aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

      **RESPECTFULLY RECOMMENDED** in Orlando, Florida on July 17, 2018.

                                      *Karla R. Spaulding*
                                      KARLA R. SPAULDING
                       UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge
Courtroom Deputy Clerk
Counsel for the Parties