UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                Case No. 6:17-cr-15-Orl-37KRS

JARVIS WAYNE MADISON
_____

### ORDER

Before the Court is the Government's motion concerning disclosure of discovery and procedures applicable to Defendant's use of expert evidence relating to his mental condition that will be offered during the penalty phase of this case. (Doc. 295 ("**Motion**").) On referral, U.S. Magistrate Judge Karla R. Spaulding recommends the Court grant the Motion in part and deny it in part. (Doc. 336 ("**R&R**").) The Government partially objected to the R&R. (Doc. 346.) On review, the Government's partial objection is due to be overruled, the R&R adopted, and the Motion granted in part and denied in part.

### I. BACKGROUND

In this federal death penalty action, Defendant filed a notice of intent to introduce expert evidence relating to his mental condition pursuant to Federal Rule of Criminal Procedure 12.2(b). (*See* Doc. 50.) Invoking Rule 16(b)(1)(C)(ii), the Government filed the Motion and requested, among other relief, disclosure of Defendant's mental health experts' results and reports; including raw data, notes, and any documents and records relied on by these experts that Defendant intends to offer during the penalty phase of this

-1-

capital case ("**Disclosure Request**").[1] (*Id.* at 7–8.) Recognizing the special nature of its request in a capital case, the Government proposes that Defendant disclose these materials only to the Government's unidentified expert, and not to the prosecution team ("**Procedure Request**"), thirty days after Defendant files an amended 12.2(b) notice ("**Timing Request**"). (*Id.* at 3, 9–10.) Defendant opposed the Government's requested relief (Doc. 319), and the Motion was referred to Magistrate Judge Spaulding.

## II. R&R's Findings

In her R&R, Magistrate Judge Spaulding recommends granting the Disclosure Request in part and requiring Defendant to disclose a written summary of any expert opinion that he intends to use solely in the penalty phase of this case ("**Disclosure Recommendation**"). (Doc. 336 p. 4.) For the Government's Timing Request, Magistrate Judge Spaulding recommends denial without prejudice because the Government did not "adequately explain why it needs disclosure of the written summaries four months before the guilt phase of this case begins, particularly when such early disclosure shortens the time available to the defense to prepare for the penalty phase of the case." (*See id.* at 4–6.) Instead, she recommends Defendant disclose the written summaries closer to trial ("**Timing Recommendation**"). (*Id.* at 5.)

Next, Magistrate Judge Spaulding takes issue with the Government's Procedure

---

[1] The Government also requested a more specific, "meaningful" disclosure of the expert evidence Defendant intended to present in at the sentencing phase. (Doc. 295, p. 1.) Magistrate Judge Spaulding granted that request in a separate order and directed Defendant's counsel to file an amended 12.2(b)(2) notice. (Doc. 331.) Defense counsel complied on July 26, 2018. (Doc. 342.)

-2-

Request, which she found insufficient to protect the written summaries from improperly being provided to the prosecution team. (*Id* at 4, 5.) Rather, Magistrate Judge Spaulding explains the better procedure is to appoint "firewall" counsel or attorneys separate from the prosecution team to receive the written summaries, direct development of rebuttal evidence, and litigate issues that may arise. (*Id.* at 5.) So she recommends the Government propose a procedure accordingly ("**Procedure Recommendation**"). (*Id.* at 6.)

On July 27, 2018, the Government complied with Magistrate Judge Spaulding's Procedure Recommendation and identified "firewall" counsel. (Doc. 346, pp. 2–4.) It also lodged a partial objection to the R&R's Timing Recommendation. (*Id.* at 4–5.) Briefing complete, the matter is now ripe.

### III. LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

### IV. ANALYSIS

**A. Disclosure**

To begin, neither party objected to the R&R's Disclosure Recommendation, requiring Defendant to disclose a written summary of any expert opinion that he intends

to use solely at the penalty phase of the case.[2] (Doc. 336, p. 4.) Absent objections, the Court has examined this portion of the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the Court concludes that Disclosure Recommendation is due to be adopted. What remains then is the Procedure and Timing Recommendations.

**B.    Procedure**

The Government also did not object to the Procedure Recommendation. (*See* Doc. 346, pp. 2–4.) Instead, agreeing with Magistrate Judge Spaulding's suggestion, the Government identified Assistant United States Attorneys Brian Samuels and Lisa McKeel from the U.S. Attorney's Office for the Eastern District of Virginia, Newport News Division to serve as "firewall" counsel. (*Id.* at 3–4.). Absent objection, the Court reviewed the Procedure Recommendation only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the Court adopts the Procedure Recommendation and appoints Assistant United States Attorneys Brian Samuels and Lisa McKeel as "firewall" counsel.

---

[2] The Government's Disclosure Request extended beyond the written summaries of expert testimony required under Rule 16(b)(1)(C)(ii), seeking disclosure of "experts' results and reports, including raw data, notes, and any documents and records relied upon by [such] experts." (Doc. 336, p. 2, n1.) Finding this request better suited for resolution along with a separate pending motion, the R&R makes no finding as to the propriety of it. (*See id.*)

**C.    Timing**

So the Government's only objection is to the Timing Recommendation. (*See* Doc. 346, pp. 4–5.) The Government argues that Defendant should be required to disclose this mental health evidence without delay since the appointment of "firewall" counsel will eliminate the risk of improper disclosure and trial is set to begin less than six months from now. (*Id.* at 4.) The Court is not persuaded. Instead, the Court finds that disclosure forty-five days prior to the start of the guilt phase—November 23, 2018—suffices, even with the holidays. Hence the Government's partial objection is due to be overruled.

V.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Government's Partial Objection to Magistrate Judge Spaulding' Report and Recommendation Regarding Competency (Doc. 346) is **OVERRULED**.

2. U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 336) is **ADOPTED, CONFIRMED** and made a part of this Order.

3. The Government's Motion for Related Discovery Procedures (Doc. 295) is **GRANTED IN PART AND DENIED IN PART** to the extent identified in the R&R.

4. The Court **APPOINTS** Assistant United States Attorneys Brian Samuels and Lisa McKeel as Firewall Counsel.

5. On or before Friday, **November 23, 2018**, Defendant is **DIRECTED** to disclose experts and reports of mental health experts required by Rule 16(b)(1)(C)(ii) that he intends to rely on at the penalty phase of trial to

Firewall Counsel.

6. Firewall Counsel are **DIRECTED** to file appearances.

7. Firewall Counsel are **DIRECTED** to refrain from disclosing any discovery on issues related to Defendant's mental health until the post-guilt phase.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 7, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record