UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  Case No. 6:17-cr-15-Orl-37KRS

JARVIS WAYNE MADISON

_____

**ORDER**

Before the Court in this federal capital case is the issue of Defendant's present competency to stand trial pursuant to 18 U.S.C. § 4241.[1] Following two hearings, U.S. Magistrate Judge Karla R. Spaulding recommends the Court find Defendant presently not competent to stand trial. (Doc. 417 ("**R&R**"); Doc. 444 ("**Supplement**").) Therefore, she recommends committing Defendant to the custody of the U.S. Attorney General pursuant to 18 U.S.C. § 4241(d)(2). (Doc. 417, p. 16; Doc. 444, p. 2.) Neither the Government nor Defendant contests this recommendation. (*See* Doc. 446; 453). Rather, Defense Counsel filed a limited objection to Magistrate Judge Spaulding's recommendation that the Court deny their request to require the treating professionals at the Federal Medical Center ("**FMC**") to notify them in advance of any medication FMC wishes to give to Defendant so Defense Counsel can consult with Defendant before he takes medication, to protect Defendant's constitutional right to refuse medications. (*See*

---

[1] The Court previously had a round of competency determinations where Defendant was found competent to stand trial. (*See* Doc. 225.) Defense Counsel raised the issue again (*see* Doc. 339), and the Court committed Defendant to the custody of the U.S. Attorney General for a second competency evaluation. (Doc. 348.)

-1-

Doc. 444; Doc. 453 ("**Objection**").) The Government responded, stating it did not oppose Defense Counsel's request to be notified of the treatment plan based on the unclear factual record for whether Defendant is competent to provide consent regarding his medical treatment. (Doc. 454, p. 2.) With this, the Government contends that obtaining Defense Counsel's consent "would ensure the validity of any consent provided by the Defendant and could prevent further delays in this case." (*Id.*) Thus, the matter is ripe.

When a magistrate judge has been designated to conduct hearings and submit proposed findings of fact and recommendations for disposition, a party may serve and file objections to such proposed findings and recommendations within "fourteen days after being served with a copy." 28 U.S.C. § 636(b)(1)(B)–(C). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

On review, the Court overrules the limited Objection and finds that the R&R and Supplement are due to be adopted in full. The Court agrees with Magistrate Judge Spaulding that no legal authority exists to mandate that FMC notify Defense Counsel in advance of prescribing Defendant medication with a list of prescriptions and treatment plan. Moreover, the Court finds that such an imposition on FMC is contrary to the goals and purpose of the competency restoration process, where Defendant is expressly placed in the custody of the Attorney General for hospitalization. 18 U.S.C. § 4241(d). The Court has confidence in the Attorney General's ability to discern the appropriate treatment in

light of Defendant's medical history and current mental state, as well as the ability to inform Defendant of the nature of any expected treatment. Indeed, the Court is well-aware of the potential difficulties involved with this commitment, but the Court will not circumvent the competency restoration process as Defense Counsel requests on the chance that Defendant may resist treatment down the line. However, the Court will require FMC to provide copies of Defendant's treating records at regular intervals to assist them in monitoring his status, as Magistrate Judge Spaulding recommends. (Doc. 444, p. 3.) All in all, the Objection is overruled and the R&R and Supplement are adopted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 417) and Supplement (Doc. 444) are **ADOPTED** as the Opinion of the Court and made a part of this Order.

2. Defendant's Partial Objection to Report and Recommendation as Supplemented (Doc. 453) is **OVERRULED**.

3. Pursuant to 18 U.S.C. §§ 4241(d) and 4247(b), Defendant shall be committed to the custody of the Attorney General, or his duly authorized representative(s), for placement in a suitable facility of Bureau of Prisons for treatment and psychiatric and psychological examinations by a designated licensed or certified psychiatrist and psychologist for a reasonable period, but not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

The treatment shall be conducted in the suitable facility closest to this Court, that is, the Federal Medical Center located in Butner, North Carolina.

a. The director of the facility shall designate one or more such psychiatrists and psychologists for such treatment and examination, in addition to a physician who can address Defendant's cardiovascular issues and a neurologist to address his cerebral vascular disease. The director of the facility may apply to this Court for an additional reasonable period of time until either: (1) Defendant's mental condition is so improved that trial may proceed, if the Court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or (2) the pending charges against him are disposed of according to law, whichever is earlier.

b. The Court directs FMC Butner to provide Defense Counsel copies of Defendant's treatment records every thirty (30) days.

c. Given the posture of this case, the Court also will require status reports regarding Defendant's treatment to be submitted every thirty (30) days to the following individuals:

(1) Roy B. Dalton, Jr., United States District Judge, 401 W. Central Blvd., Suite 4-750, Orlando, FL 32801

(2) Karla R. Spaulding, United States Magistrate Judge, 401 W. Central Blvd., Suite 5-500, Orlando, FL 32801

(3) Vincent Chiu and Kara Marie Wick, United States Attorney's Office, 400 W. Washington St., Suite 3100, Orlando, FL 32801

(4) D. Todd Doss, Federal Public Defender's Office, 201 S. Orange Ave, Suite 300, Orlando, FL 32801

(5) Steven H. Malone, 707 North Flagler Dr., West Palm Beach, FL 33401

d. Additionally, upon the conclusion of Defendant's stay at the facility, and pursuant to 18 U.S.C. § 4247(c), a psychiatric and psychological report shall be prepared by the examiners designated to conduct these treatments and/or examination. This report shall be filed with the Court and furnished to the above individuals, and shall include the following:

(1) Defendant's history and present symptoms;

(2) A description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) The examiners' findings;

(4) The examiners' opinions as to diagnosis and prognosis

(5) Whether Defendant suffers from a mental disease or defect rendering Defendant mentally incompetent to the extent Defendant is unable to understand the nature and consequences of the proceedings against Defendant or to assist properly in his defense; and

(6) If Defendant continues to be found incompetent, determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 28, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
FMC Butner
U.S. Marshals