UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                                                 CASE NO: 6:17-cr-15-Orl-37LRH

JARVIS WAYNE MADISON

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION** | **DEFENDANT'S UNOPPOSED FIFTH MOTION FOR DISCOVERY OF INFORMATION CONCERNING THE CONFECTION AND CREATION OF THE JURY VENIRE DURING COVID-19 PANDEMIC (Doc. No. 618)** |
| **FILED:** | **September 24, 2020** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

In four prior motions, Defendant Jarvis Wayne Madison has requested information regarding the Court's jury plan and its implementation regarding the 2013, 2015, 2017, and 2019 Master and Qualified Jury Wheels for the Orlando Jury Division. (Docs. 69, 114, 291, 540). The Court has previously provided the background and law relevant to these requests, (Doc. 102), and has granted in part and denied in part each request. (Docs. 108, 156, 311, 552).

In this fifth motion, Mr. Madison now seeks only one category of information – the juror qualification questionnaires for each juror summoned to complete the case-specific questionnaires.

(Doc. 618 ¶ 6). Eight hundred jurors were summoned to complete case-specific questionnaires. (*See* Doc. 596, at 1-2). Attached to each summons sent to these 800 jurors was a questionnaire listing several COVID-19 specific questions. Counsel for Mr. Madison has previously been provided access to these COVID-19 questionnaires, as well as access to the juror deferrals, and will be provided copies of the completed case-specific questionnaires for those jurors who were not initially deferred from reporting. (*Id.*; *see also* Doc. 618 ¶¶ 8-9). However, Mr. Madison represents that the COVID-19 questionnaires "did not reflect the race, gender, or age of the individual who filled out the COVID-19 questionnaire," and Mr. Madison contends that such information is "necessary to properly investigate a fair cross-section claim regarding the confection and creation of the jury venire." (Doc. 618 ¶ 8). *See* 28 U.S.C. § 1867(a); *Test v. United States*, 420 U.S. 28 (1975).

The motion recites that the United States "has no objection to Mr. Madison's request for access to the designated juror qualification questionnaires, however, [the United States] reserves the right to oppose any subsequent motion regarding those questionnaires." (Doc. 618 ¶ 10).

Mr. Madison has made similar requests for the juror qualification questionnaires for the entire Master and Qualified Jury Wheels for the Orlando Jury Division in his prior motions (*see* Docs. 114, 291, 540). Each of those requests were denied due to the fact that the questionnaires contain personal identifying information for each juror, which would have to be manually redacted, and it would place an undue burden on the Clerk's Office to manually redact tens of thousands of questionnaires. (Docs. 138, 156, 293, 311, 548, 552). In addition, demographic data drawn from these qualification questionnaires, including race, gender, and age, was contained in various reports for each Jury Wheel, and those reports were disclosed to Mr. Madison. (*Id.*).

These same reasons apply with equal force to Mr. Madison's present request. Although Mr. Madison seeks a smaller number of juror qualification questionnaires – 800 – the burden on the Clerk's office to identify each questionnaire, and to redact personal identifying information, remains substantial. More importantly, upon consultation with Clerk's office personnel, I have confirmed that "Race/Gender" reports can be produced for these 800 jurors, and that these reports will contain the race, gender, and age information – without any personal identifying information – for these same 800 jurors.

Accordingly, I **RESPECTFULLY RECOMMEND** that Defendant's Unopposed Fifth Motion for Discovery of Information Concerning the Confection and Creation of the Jury Venire During COVID-19 Pandemic (Doc. 618) be **GRANTED IN PART AND DENIED IN PART.** I **recommend** that the Court direct the Clerk of Court to provide to counsel for Mr. Madison copies of the "Race/Gender" reports that contain the race, gender, and age information, without any personal identifying information, for the 800 jurors who have been summoned to complete the case-specific questionnaires in this case. I **further recommend** that the Court provide the Clerk of Court at least fourteen (14) business day from the date of the Court's order to disclose the requested information, and that the Defendant's Motion (Doc. 618) be **DENIED** in all other respects.

I **further recommend** that the Court order counsel and the parties to keep all information and materials they review, inspect, copy and/or otherwise receive from the Clerk in accordance with the orders of the Court in the utmost confidence and not to divulge any such information or materials to any other person without first receiving approval from the Court.

### Notice of the Parties

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar

an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on October 2, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy